```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                      HOUSTON DIVISION


RAY DON DUPREE,                    §
TDCJ-ID NO. 1438020,               §
                                   §
          Plaintiff,               §
                                   §   CIVIL ACTION NO. H-08-1209
v.                                 §
                                   §
NICHOLAS R. ZAVORSKI,              §
                                   §
          Defendant.               §
```

**MEMORANDUM OPINION AND ORDER**

Ray Don DuPree, a convicted felon incarcerated in the Texas Department of Criminal Justice - Institutional Division, has filed a complaint pursuant to 42 U.S.C. § 1983 against Montgomery County Jail Officer Nicholas Zavorski. DuPree contends that Zavorski filed a false report against him, which resulted in an illegal conviction. The court granted DuPree permission to proceed as a pauper and ordered him to file a more definite statement. After reviewing the pleadings, the court has determined that this action should be dismissed as legally baseless.

### I. **Allegations and Claims**

DuPree alleges that Zavorski provided false information in a police office report filed against DuPree while he was incarcerated at the Montgomery County Jail on August 26, 2006. In his report Zavorski stated that DuPree had been placed in an administrative segregation cell two days earlier and that Zavorski was making the

rounds of the cell block when DuPree asked him when he would be released back into the general inmate population.  When Zavorski answered that the matter would be handled by the jail's classification department DuPree used abusive language accusing Zavorski of being behind the administrative segregation placement.  Zavorski also stated in his report that DuPree made a threat that he would assault Zavorski after he was released.

DuPree states that he was disciplined in jail for the alleged retaliatory threat and later indicted for the same incident.  He alleges that he was also charged with tampering with witnesses by trying to influence other inmates who had witnessed the confrontation between Durpree and Zavorski.  DuPree pleaded guilty to the retaliation charge in exchange for the dismissal of the witness tampering case.  He was found guilty and sentenced to five years in TDCJ-CID.

In his More Definite Statement (Docket Entry No. 6 at 2) DuPree alleges he was illegally found guilty of the retaliation charge and that as a result his parole was revoked.  He also states that he would have been released from jail in nine days if Zavorski had not filed the false charges that led to the conviction.  <u>Id.</u>  DuPree did not file any appeal or post-conviction challenge to the conviction.  <u>Id.</u>

DuPree seeks $300,000 in compensatory damages for each year confined.  He also seeks punitive damages and recovery of court costs.

-2-

## II. Analysis

In general, a civil rights complaint must be dismissed when the plaintiff is attacking the validity of a criminal conviction and has not shown that the conviction has been overturned. Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994). When a plaintiff alleges that an arresting officer or correctional officer violated his rights, the court must consider whether the claim, if true, would dispute the validity of a criminal conviction resulting from the alleged violation. Hainz v. Richards, 207 F.3d 795, 798 (5th Cir. 2000), citing Heck at 2372. If so, the action must be dismissed unless the conviction has been successfully challenged in an appropriate criminal appellate or post-conviction proceeding. Id.

It is clear from DuPree's More Definite Statement that he seeks to overturn his state court conviction. See Boyd v. Biggers, 31 F.3d 279, 283 (5th Cir. 1994). In asserting that Zavorski filed a false charge against him, DuPree challenges the validity of his conviction for retaliation. See Brandley v. Keeshan, 64 F.3d 196, 199 (5th Cir. 1995). Since the conviction has not been overturned, the civil rights claim is considered legally frivolous and cannot be pursued under section 1983. Id. DuPree may only seek relief through proper habeas proceedings. Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996), citing Serio v. Members of La. Bd. of Pardons, 821 F.2d 1112 (5th Cir. 1987).

Since DuPree is a prisoner, proceeding in forma pauperis, this court must dismiss this civil rights action if it is

frivolous.  28 U.S.C. § 1915(e); 28 U.S.C. § 1915A.  A complaint is frivolous if it lacks an arguable basis in law or fact.  <u>Berry v. Brady</u>, 192 F.3d 504, 507 (5th Cir. 1999).  DuPree's complaint has no merit and, therefore, is frivolous.  This action will be dismissed as frivolous.  The dismissal will be without prejudice to DuPree's right to pursue any habeas relief that may be available.

### III.  <u>Motion for Discovery</u>

DuPree has moved for discovery regarding witnesses and his disciplinary records.  He asserts that he needs access to inmate and correctional officers and to the jail administrative records to support his claim that he was falsely accused and wrongfully convicted.  As stated above, DuPree must first challenge his criminal conviction in an appropriate habeas action and cannot proceed in a civil rights action until he has successfully done so.  The motions (Docket Entry Nos. 8 and 10) will be denied because this action is frivolous and the defendant, who is a government official entitled to qualified immunity, should not be subjected to discovery proceedings.  <u>See</u> <u>Geter v. Fortenberry</u>, 849 F.2d 1550, 1554 (5th Cir. 1988); <u>Jacquez v. Procunier</u>, 801 F.2d 789, 791 (5th Cir. 1986).

### IV.  <u>Conclusion</u>

It is, therefore, **ORDERED** as follows:

1. The Complaint Under the Civil Rights Act, 42 U.S.C. § 1983, filed by Ray Don DuPree (Docket Entry

>    No. 1), is **DISMISSED WITHOUT PREJUDICE** because it is frivolous.  28 U.S.C. § 1915(e).

2. DuPree's Motion for Discovery Order (Docket Entry No. 8) and Motion for Discovery in Accordance with the Federal Rules of Civil Procedure (Docket Entry No. 10) are **DENIED**.

3. The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711, Fax Number 512-936-2159; and the Pro Se Clerk for the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702.

**SIGNED** at Houston, Texas, on this 9th day of October, 2008.

                                    _____
                                            SIM LAKE
                                    UNITED STATES DISTRICT JUDGE